# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**　　　　　　　　　　　　　　　　　　　　　**Case No. 99-CR-93**

**REGGIE BOOKER**
    **Defendant.**

## ORDER

On June 8, 2000, I sentenced defendant Reggie Booker to 292 months in prison, followed by 10 years of supervised release, on drug charges. I later reduced the sentence to 168 months on the government's Fed. R. Crim. P. 35(b) motion and 135 months under 18 U.S.C. § 3582(c)(2) based on the amendment to the crack cocaine guideline. Defendant began supervision on February 27, 2009, and is set to discharge on February 26, 2019. Defendant now requests early termination of his supervised release.

Under 18 U.S.C. § 3583(e)(1), the district court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Thus, the court may terminate a defendant's supervised release if (1) he has served at least one year; (2) considering the pertinent sentencing factors in 18 U.S.C. § 3553(a), as well as the defendant's conduct, termination is in the interest of justice; and (3) the government is given notice and an opportunity to be heard. See United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998); see also United States v. Lowe, 632 F.3d 996, 998-99 (7th Cir. 2011).

Defendant has served more than one year of supervision, making him eligible for termination, and the government has been afforded an opportunity to respond.[1] However, I cannot conclude that early termination would be in the interest of justice.

In his letter request, defendant notes that while in prison he earned his GED, completed a plumbing apprenticeship, and received no conduct reports. During his period of supervised release, he has submitted clean urine tests, started his own plumbing business, and operates two ice cream trucks in the summer. He states that he's been married for five years and recently had his first son.

While defendant is to be commended for the strides he has made, I cannot conclude that termination is warranted. Working and following the rules is what the court expects of those on supervision, and courts have generally granted early termination only in cases involving new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good. See, e.g., United States v. Kay, 283 Fed. Appx. 944, 946-47 (3d Cir. 2008); United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); Medina, 17 F. Supp. 2d at 246-47. Defendant makes no showing of exceptionally good behavior; nor does he point to any new or unforeseen circumstances; nor does he claim that supervision interferes with his rehabilitation in any way.

Further, I find continued supervision necessary to protect the public and deter defendant from committing new offenses. See 18 U.S.C. § 3553(a)(2)(B) & (C). The instant offense was very serious, involving a substantial amount of crack cocaine, and defendant occupied a leadership position. His prior record includes convictions for possession with intent to distribute

---

[1] The government takes no position on the request.

2

and resisting an officer twice. See 18 U.S.C. § 3553(a)(1).  Continued monitoring is necessary to protect the public and ensure that defendant stays on his current path.  Finally, while defendant does not appear to have correctional treatment needs, see 18 U.S.C. § 3553(a)(2)(D), he has not completely paid off the restitution/buy money I ordered him to pay as a condition of supervision, see 18 U.S.C. § 3553(a)(7).  Thus, a review of the pertinent § 3553(a) factors supports continuation of supervised release.

**THEREFORE, IT IS ORDERED** that defendant's request for early termination is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of May, 2011.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge